IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:25-cr-00135 |
| Plaintiff, | ) | JUDGE DONALD J. NUGENT |
| -vs- | ) | |
| | ) | |
| MICHAEL NAWALENIEC, | ) | **MOTION FOR PRE-TRIAL** |
| | ) | **RELEASE** |
| Defendant. | ) | (Hearing Requested) |

NOW COMES the Defendant, Michael Nawaleniec, by and through his undersigned legal counsel, Rodger A. Pelagalli Co., L.P.A., and respectfully requests that this honorable Court allow him to be on pre-trial release during the pendency of this matter.

Pursuant to 18 U.S.C. § 3142 (f) (2), a hearing must be had in this matter regarding the pre-trial detention of Michael. At the arraignment, the Court determined that he would be held in pre-trial detention unless a motion was filed on his behalf. The Defendant respectfully requests that this Court takes this motion as a request for a hearing, wherein the government would have the dual burden of proving a flight risk or a danger to the community. Under the Bail Reform Act, a detention hearing is required and the Court should presume release unless it determines that the defendant does present, on a preponderance of the evidence, an unreasonable risk of flight or a danger to the safety of the community. See, 18 U.S.C., § 3142 (b). Some courts have determined that only a limited number of defendants should be denied bail (see, U.S. v. Shurker, 817F.2d195 (2d circuit 1987). Pursuant to 18 U.S.C., § 3142 (g), the court should consider the nature of the crime; strength of the evidence; background of the defendant and/or his ties to the community; and the level of danger he would present if released.

There are no set of facts that the government an present to suggest that a man without a passport is a risk of flight. See, 18 U.S.C., § 3142 (f) (2) (A)-(B). In this case, the information

1

with regard to Michael is that he suffers from two leg injuries that would certainly make it, if not impossible, certainly difficult to flee. As previously mentioned, he is without a passport, so he can't leave the country.

In addition, the other categories under the Bail Reform Act that would require detention do not apply. Certainly, he has not been charged with a crime that has the potential for life sentence or death penalty, or a serious drug offense. See, 18 U.S.C., § 3142 (f) (1) (A)-(C). Two other categories similarly do not apply under the Bail Reform Act with regard to the specific crimes charged herein. See, 18 U.S.C., § 3142 (f) (1) (D).

As such, the Defendant respectfully requests that this honorable Court schedule a hearing at the earliest possible date to require the prosecutor to provide evidence that would allow for the determination that bail is inappropriate in this case .

For these reasons and any other the Court finds appropriate, he requests pre-trial release during the pendency of his case.

Respectfully Submitted,

/s/ Rodger A. Pelagalli/
RODGER A. PELAGALLI (0034530)
Rodger A. Pelagalli Co., L.P.A.
4700 Rockside Road, Suite 320
Independence, Ohio 44131
(440) 845-3030 (phone/fax)
RAPesq@aol.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Pre-Trial Release was forwarded *via* Court's Electronic Filing System on April 21, 2025.

Respectfully Submitted,

/s/Roger A. Pelagalli/
RODGER A. PELAGALLI (0034530)
Rodger A. Pelagalli Co., L.P.A.
4700 Rockside Rd. Ste. 320
Independence Ohio 44131
(440) 845-3030 (phone/fax)
RAPesq@aol.com
*Attorney for Defendant*